**NICHOLAS T. FOSTER**,

917 W. 7th Avenue,

Kearney, Missouri 64060,             Plaintiff,

v.                                                                  Case No. _____

**KABOOMRACKS, INC.**,

2848 W. Sweetwater Avenue, Suite 2,

Phoenix, Arizona 85029,

    and,

**A.R.T. DIGITAL HOLDINGS CORP,**

12600 Hill Country Boulevard, Suite R-275, Suite 210,

Bee Cave, Texas 78738,

                                  Defendants.

## **COMPLAINT FOR BREACH OF CONTRACTUAL AGREEMENT**

For his cause of action against defendants, plaintiff pleads:

### **The Parties**

1. Plaintiff Foster resides at 917 W. 7th Avenue, Kearney, Clay County, Missouri 64060, within the Western District of **Missouri** federal judicial district.

2. Defendant **Kaboomracks**, Inc. is a corporation duly organized and existing under the laws of the State of **Delaware**, with its principal office located at 2848 W. Sweetwater Avenue, Suite 2, Phoenix, Maricopa County, **Arizona** 85029.

1

3. Defendant **A.R.T. Digital** Holdings Corp is a corporation duly organized and existing under the laws of the State of **Delaware**, with its principal office located at 12600 Hill County Boulevard, Suite R-275, Suite 210, Bee Cave, Travis County, **Texas** 78738.

4. By merger on or about November 15, 2024, defendant A.R.T. Digital Holdings Corp acquired defendant Kaboomracks, Inc., by purchase of the equity securities of Kaboomracks, Inc., thereby assuming the debts of Kaboomracks, Inc. to plaintiff Foster.

### Diversity Jurisdiction

5. Plaintiff is a citizen of the State of Missouri; defendants are citizens of states other than Missouri.

6. The amount in controversy in this action **exceeds $75,000**. **The current cash equivalent of 1.41 BTC is in excess of $150,000,** having increased substantially from the $84,600 US Dollar cash equivalent stated in the "Kaboomracks Loan Agreement and Share Granting" contract (referred to on occasion as "the Agreement", or "the loan Agreement") entered into by Kaboomracks with Foster on August 19, 2024 (attached as **Exhibit A** and incorporated by this reference). **Plaintiff seeks damages including 1.41 BTC be paid to him in bitcoin.**

7. Diversity jurisdiction applies to this action pursuant to 28 U.S.C. section 1332.

### Personal Jurisdiction—Missouri Contacts

8. Missouri's Long-arm statute section 506.500, RSMo, provides in pertinent part, emphasis added, that defendants submit to jurisdiction in Missouri by the:

> **(1) The transaction of any business within this state;**
>
> **(2) The making of any contract within this state;**

(3) The commission of a tortious act within this state;

**(4) The ownership, use, or possession of any real estate situated in this state; . . . ."**

9. Defendant Kaboomracks intentionally and specifically acted in its interests by entering to the bitcoin loan Agreement with plaintiff Foster. At the time the parties entered into the Agreement, plaintiff was a citizen of the State of Missouri, who worked for defendant Kaboomracks primarily from his residence in Missouri, and also primarily from Missouri for defendant A.R.T. Digital. It was reasonably foreseeable to defendants that they would be subject to suit within the jurisdiction of Missouri state and federal courts if it failed to repay the loan to Foster within the one year allotted for repayment in the very Agreement at issue in this case. **The loan Agreement itself lists "Lender 3" as plaintiff Nicholas Foster, residing at "917 W. 7th Ave Kearney, Missouri 64060."**

10. Defendant Kaboomracks, the business of which primarily involves buying and selling bitcoin mining hardware and related products, entered into numerous bitcoin related transactions with customers located in the State of Missouri. Such transactions occurred for years through December of 2024 as shown by the schedule attached as **Exhibit B** and incorporated by this reference.

11. Defendant A.R.T. Digital acquired Kaboomracks in August 2024 and entered into said transactions in Missouri directly or by and through its subsidiary, defendant Kaboomracks.

12. Further, through plaintiff as agent for, and employee of, defendants Kaboomracks and A.R.T. Digital, acting within the course and scope of his authority as such, Kaboomracks entered into a lease--apparently still in effect--with KCMOTech LLC effective October 1, 2024--

3

**after** A.R.T. Digital acquired Kaboomracks—of warehouse space at 709 Forest Avenue, Kansas City, Missouri 64106, for delivery to, and shipment from, bitcoin mining equipment and related items bought and/or sold by defendants. (Lease attached and incorporated as **Exhibit C**.)

13. Hence, defendants (1) entered into the very bitcoin loan Agreement that is the subject of this case, with plaintiff Foster loaning them 1.41 BTC; (2) leased real estate in the State of Missouri; and, (3) have a history of bitcoin related transactions with customers located in Missouri, thus forming sufficient contacts of defendants with the State of Missouri to vest this Court with personal jurisdiction over defendants.

## Facts

14. On about August 19, 2024, plaintiff Foster loaned defendant Kaboomracks 1.41 BTC pursuant to the loan Agreement attached hereto as Exhibit A. Defendant Kaboomracks, in turn, there agreed to repay Foster twelve (12) months later on August 18, 2025, by lump sum payment **in kind to Foster of 1.41 bitcoin**, plus interest in US Dollars of 8% on $84,600, compounded monthly.

15. The parties to the Agreement executed that document on or before August 19, 2024, and Foster transferred 1.41 BTC to Kaboomracks on or about that date.

16. Plaintiff Foster fully performed his obligations under the Agreement.

17. However, despite request for payment, defendants continue to fail and refuse to pay Foster the principal of 1.41 BTC in bitcoin, or the prescribed interest in US Dollars, due from defendants on August 18, 2025; and defendants continue to fail and refuse to pay Foster the amounts due under the terms of the Agreement.

18. By its equity acquisition of Kaboomracks, defendant A.R.T. is obligated to pay Foster the compensation due him under the Loan Agreement.

19.  Defendants fail and refuse to perform their obligations to pay Foster as provided by the Agreement, and are in breach of the Agreement.

20.  As a direct result of defendant's breach of said Loan Agreement, plaintiff Foster has suffered the loss of 1.41 BTC; and of 8% interest compounded monthly on $84,600 beginning August 19, 2024.

THEREFORE, plaintiff Foster prays judgment against defendants, and each of them jointly and severally, for 1.41 BTC **in kind**; interest at the rate of 8 percent compounded monthly since August 19, 2024, on the $84,600 USD cash equivalent as stated in said Loan Agreement, due in US Dollars; for his court costs incurred; and, for such other relief as is just.

/s/  *Kurt H. King*

_____
Kurt H. King   MO Bar 32009
2801 NE 100th Street,
Kansas City, Missouri 64156
816.781.6000
kurthkinglaw@gmail.com
ATTORNEY FOR PLAINTIFF